**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

ANDREW THOMPSON,

Plaintiff,

v.

KEVIN MCCLANAHAN, et al.,

Defendants.

CASE NO. 1:26-CV-565-HAB-ALT

**OPINION AND ORDER**

Pro se Plaintiff Andrew Thompson filed a complaint against sixty-three Defendants, alleging only that "Defendant used authority to avoid traffic tickets. Such unacceptable behavior should not be treated lightly." (ECF No. 1). Along with his complaint, Thompson filed a motion to proceed in forma pauperis. (ECF No. 2).

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B). In a Chapter 7 Bankruptcy case, the filing fee may be waived "if the court determines that such individual has income less than 150 percent of the income official poverty line. . . ." 28 U.S.C. § 1930(f)(1).[1]

---

[1] *See* https://www.uscourts.gov/sites/default/files/document/poverty-guidelines.pdf (150% Poverty Guideline table).

This is not a Bankruptcy case, but the judicial discretion afforded by 28 U.S.C. § 1915 permits application of the same threshold. *See Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) ("Courts have wide discretion to decide whether a litigant is impoverished."). The Poverty Line is set annually by the United States Department of Health and Human Services. 42 U.S.C. § 9902.

Thompson's IFP application is woefully incomplete. He attests he has no income, no monthly expenses, no property, no dependents, no debts, and only $5 in cash or a bank account. Courts rely on litigants to provide complete and honest information about their finances, and judges cannot merely rubber-stamp IFP applications that appear to contain incomplete, inaccurate, or inconsistent information. *See Campbell v. Clarke*, 481 F.3d 967, 970 (7th Cir. 2007). Accordingly, at present the Court cannot grant his request to proceed IFP.

The Court's inquiry does not end there, however. In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "fair notice of what the . . .

claim is and the grounds upon which it rests." *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint need not provide overly detailed factual allegations, but it must provide enough factual support to raise the plaintiff's right to relief above a speculative level. *Twombly*, 550 U.S. at 555. The complaint must provide more than "unadorned the-defendant[s]-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Thompson's Complaint contains two sentences: "Defendant used authority to avoid traffic tickets. Such unacceptable behavior should not be treated likely." (ECF No. 1). Even construing the Complaint liberally, this Complaint blatantly fails to state a claim. A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Here, Thompson does not explain who the Defendants are or what basis she has for filing in this court, and she utterly fails to provide any context whatsoever for her allegations. These failures alone warrant dismissal.

Beyond the scant facts, this same Complaint against these same Defendants containing the same threadbare and frivolous allegations has been filed in nearly two dozen district courts around the country in the past few weeks. The Central District of Illinois recently dismissed a similar lawsuit filed in the same fashion, noting that the complaint "is an example of the 'ghost cases' that have recently plagued district courts. They are complaints that seem entirely fictitious." *Duffy v. Ally et. Al.*, No. 1:26-cv-1233 (C.D. Ill. June 4, 2026). This kind of mass-filing of a threadbare claim is certainly "malicious" in the context of Section 1915(e)(2)(B)(i) given that it appears "intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *see also Simons v. Basu et al.*, No. 1:26-cv-1142, 2026 WL 1005067, at *2 (C.D. Ill. April 14, 2026) ("Certainly, where a plaintiff files the same complaint with the same two meager allegations—really just the

barest possible sentences—in a handful of courts on the same day, that plaintiff intends to harass either the defendant, the given court, or both.”).

Although courts generally permit civil plaintiffs at least one opportunity “to amend after dismissing a complaint, that’s unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted.” *Carpenter v. PNC Bank, Nat. Ass’n*, 633 Fed. App’x 346, 348 (7th Cir. 2016). Because Thompson has no non-frivolous claim and this action is malicious, the Court will DENY his request to proceed IFP and DISMISS his case without leave to amend.

## CONCLUSION

Thompson’s Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) is DENIED and the Complaint (ECF No. 1) is DISMISSED without leave to amend.

**SO ORDERED** this 17th day of November 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT